IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON R. WHITE,

    Plaintiff,

v.                                                                   CIV 12-0988 KBM

CITY OF ALBUQUERQUE,
J. McRAE, Albuquerque Police Officer,
in his official and individual capacity,
J. RICHARDS,
JOHN DOE, and
ROBERT MEZTGER,

    Defendants.

# ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND FOR SERVICE

THIS MATTER is before the Court on *pro se* Plaintiff Jason White's motion to proceed in forma pauperis under 28 U.S.C. § 1915. *See Doc. 2.* He filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against the City of Albuquerque and three named police officers and one John Doe officer. He asserts they wrongfully seized and arrested him, used excessive force in doing so, and maliciously prosecuted him in violation of his constitutional rights. He seeks damages and injunctive relief. *See Doc. 1.* Attached to his complaint is a draft of the same suit, captioned to be filed in state court. A review of the New Mexico Courts case lookup database, however, does not show that Plaintiff has filed suit in state court.

The *in forma pauperis* statute authorizes a court to waive filing fees and various court costs for indigents. The intent of the statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). Plaintiff's financial affidavit indicates that his average monthly expenses slightly exceed his average monthly income, and that he has no other assets to speak of as a source of funds to prosecute this action. Based on these representations, the Court deems Plaintiff to be indigent and grants him *in forma pauperis* status.

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, it also recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)  "A claim or appeal is frivolous under § 1915 if it lacks an arguable basis either in law or in fact." *Jackson v. Enforcer of Constitutional Policy,* 412  F. .App'x 181, 183 (10th Cir. 2011) (internal quotations and citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), this Court may sua sponte dismiss any action that is frivolous, malicious, fails to state a claim, or seeks damages against a defendant immune from such relief. *See, e.g., Hudson v. Mason,* 445 F. App'x 139, 139-40 (10th Cir. 2011); *Garey v. Marshall,* 361 F. App'x 915, 817 (10th Cir. 2010).. The Court finds that Plaintiff's complaint passes this threshold, though this finding in no way implies that the case is meritorious.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis *(Doc. 2)* is **granted**.

**IT IS FURTHER ORDERED** that Clerk is directed to issue notice and waiver of service forms, with copy of the complaint, to defendants.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE