IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON R. WHITE,

      Plaintiff,

   vs.                                               CIV 12-0988 MV/KBM

CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE
OFFICER J. McRAE, in his official
and individual capacity; ROBERT
METZGER (sic), J. RICHARDS,
John Doe,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL

THIS MATTER comes before the Court on Plaintiff Jason White's Motions to Compel Discovery (*Docs. 101 and 105*)[1] filed on March 27, 2014 and April 14, 2014, respectively. Plaintiff's Motions to Compel were fully briefed on April 7, 2014. *Doc. 111*. Having reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities, the Court finds that the motions are not well-taken and will be denied.

As Defendants point out in their responses, Plaintiff's motions fail for several reasons.   First, Plaintiff failed to file his motions in a timely fashion.   Under our local rules, a party not satisfied with the responses to their discovery requests must file a motion to compel "within twenty-one (21) days of service of an objection."   D.N.M.LR-

---

[1] Plaintiff's first motion to compel is entitled "Motion Plaintiff Request for Full and Complete Interrogatories and Discovery from Defendants Listed." *Doc. 101.* Plaintiff's second Motion to Compel is entitled "Plaintiff's Motion to Compel and Request for Sanctions." *Doc. 105.* For brevity, the Court will refer to both motions together as Plaintiff's "Motions to Compel."

Civ. 26.6.  "Failure to proceed within this time period constitutes acceptance of the objection."  *Id.*

Plaintiff did not file his Motions to Compel within 21 days of service of Defendants' objections.   The City of Albuquerque Defendants served their answers and objections to Plaintiff's First Set of Interrogatories and Request for Production on August 20, 2013.  *Doc. 42.*  Defendant Robert Metzger's discovery responses were served on August 21, 2013.  *Doc. 41.*  By failing to proceed within 21 days after service of the responses, he has accepted the objections.

Further, the Court's Scheduling Order in this matter required that "[m]otions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **November 8, 2013**." *Doc. 34* (emphasis in original).  Fed. R. Civ. P. 16(f) provides that when a party fails to obey a court order, the Court may make such orders as are just including the imposition of sanctions set forth in Fed. R. Civ. P. 37(b)(2)(B), (C) and (D). Plaintiff's Motions to Compel were filed over four months after the deadline without any explanation as to why Plaintiff could not file his motions in a timely fashion.   Thus, Plaintiff failed to comply with the Court's Scheduling Order by filing his motions to compel outside of the Court's deadline.

Plaintiff also failed to make a good faith effort to resolve the discovery dispute without the intervention of the Court. Rule 37 of the Federal Rules of Civil Procedure requires that the movant certify that he has conferred in good faith with the party failing to provide discovery in an effort to obtain it without the court's intervention.  *See* Fed. R. Civ. P. 37.1.  Plaintiff asserts he emailed Defendant on September 9, 2013, in an effort

to resolve the discovery dispute without the intervention of the Court. *Doc. 105* at 1. However, as Defendants point out, this correspondence is insufficient.   The duty to confer requires more than setting forth conflicting positions in written correspondence. To confer means more than making a demand for compliance; it means "to hold a conference; compare views; consult together."  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003).

Finally, Plaintiff failed to submit a copy of the discovery requests he asserts were inadequate.  D.N.M.LR-Civ. 37.1 requires that a party seeking relief pursuant to Rule 37(a) "must attach to the motion a copy of (a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission; and (b) the response or objection thereto."  Without a copy of the discovery requests at issue, the Court would be unable to determine the sufficiency of any response.

Because Plaintiff failed to comply with the Federal Rules of Civil Procedure, the Local Rules for the District of New Mexico, and the Court's Scheduling Order, Plaintiff's Motions to Compel and request for sanctions are without merit.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motions to Compel (*Docs. 101 and 105*) are **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

**3**