IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON R. WHITE,

        Plaintiff,

vs.

CITY OF ALBUQUERQUE, *et al.*

        Defendants.

No. 12-CV-0988-MV-KBM

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Plaintiff Jason R. White's Motion to Have Pre-Trial Hearing Via Teleconference [Doc. 116]. Defendants oppose the Motion. *See generally* Doc. 117. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and therefore will be **denied**.

      As noted in the Defendants' Response, the "Court issued its Trial Notice well over a year ago on October 8, 2013." Doc. 117 at 1. *See also* Doc. 48. In the more than *fourteen months* since the Court scheduled the pre-trial conference for January 6, 2015 at the Santiago E. Campos courthouse in Santa Fe, New Mexico, the Plaintiff has not once advised the Court of his "prior schedule to be out of town on this date with [his] family," nor any other conflict he might have with the hearing. Doc. 116 ¶ 1. Nonetheless, Plaintiff believes that this social engagement constitutes "good cause" to modify the Court's order, as required by Federal Rule of Civil Procedure 16(b)(4). *See Id.* ¶ 4. *See also Montoya v. Sheldon*, 286 F.R.D. 602, 609 (D.N.M. 2012) ("Scheduling orders, however, 'may be modified only for good cause and with the judge's consent.'") (quoting Fed. R. Civ. P. 16(b)(4)). The Court disagrees. Plaintiff has been aware of this court date for the past fourteen months and has not raised any objection until now; any

scheduling conflict that currently exists is a consequence either of White's negligence or his direct contravention of this Court's order.  Neither will be countenanced.  *See Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1285 (D.N.M. 2009) ("As this Court has stated: Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.") (internal quotation marks omitted).  *See also FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002) ("Carelessness is not a basis for granting relief" under Rule 16).

      The Court will also take this opportunity to remind White that his presence is required at the pre-trial conference set for January 6, 2015 in Santa Fe and that, despite his *pro se* status, he will be required to adhere to all applicable rules of procedure throughout the case.  *See, e.g.*, *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (internal quotation marks omitted); *Keeher v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005) ("plaintiffs are not excused from compliance with fundamental rules of procedure because they are proceeding *pro se*.  *Pro se* litigants must follow rules of procedure, including local rules.").  Consequently, should Plaintiff not appear at the pre-trial conference, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 16(f).  *See* Fed. R. Civ. P. 16(f) (providing for sanctions "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.").  *Cf. Schwartzman, Inc. v. ACF Industries, Inc.*, 167 F.R.D. 694, 699 (D.N.M. 1996) ("this Court construes Rule 16 to require, and to permit this Court to require, the participation of fully authorized representatives in mandatory settlement proceedings, by means approved by the Court.").  These sanctions may include dismissal of the suit.  *See Robbalaa v. United States*, No.

97-7144, 1998 WL 317475, at *1 (10th Cir. Jun. 1, 1998) ("A district court has the power to dismiss a case for the plaintiff's failure to comply with a district court's scheduling order.").

Finally, as it appears that communication has become a problem in this case, the Court orders that White provide the Court with his phone number(s) and e-mail address immediately.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion be **denied** and that the Plaintiff provide the Court with the requested contact information immediately.

Dated this 23rd day of December, 2014.

**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE