IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON R. WHITE,

          Plaintiff,

    vs.                                        No. 12-CV-0988-MV-KBM

CITY OF ALBUQUERQUE, *et al.*

          Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Jason R. White's Objection to US Magistrate's Order Denying Plaintiff [sic] Motion to Compel and Reconsideration to Reopen [Doc. 113]. Defendants did not respond to this Objection. The Court, having considered the Objection, relevant law, and being otherwise fully informed, finds that the Objection is not well-taken and therefore will be **DENIED**.

## DISCUSSION

This Court construes *pro se* filings liberally. *See, e.g.*, *Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1073 (10th Cir. 2014) ("We liberally construe [plaintiff's] pro se filings."). Consequently, the Court will interpret White's filing as a combined motion to reconsider and objection to Chief Magistrate Judge Molzen's Order Denying Plaintiff's Motions to Compel [Doc. 112]. Both the motion for reconsideration and the Objection must be denied.

First, to the extent that the Court interprets the filing as a motion for reconsideration, Plaintiff has failed to conform his motion to local rule 7.1(a), which requires that a movant "must determine whether a motion is opposed" and warns that a "motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-CIV.7.1. Plaintiff's

1

motion includes no statement regarding Defendants' position on the motion and therefore may be denied on its face. *See generally* Doc. 113. In reaching this determination, the Court notes that the ordinary leniency accorded *pro se* litigants does not abate Plaintiff's obligation to comply with applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("liberal treatment [for *pro se* litigants] is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (internal quotation marks omitted); *Keeher v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005) ("plaintiffs are not excused from compliance with fundamental rules of procedure because they are proceeding *pro se*. *Pro se* litigants must follow rules of procedure, including local rules."). Even if the Court were to consider White's motion for reconsideration on the merits, the Court's analysis would be substantially identical to its discussion of White's Objection to the Chief Magistrate Judge's Order and would therefore reach the same conclusion.

Second, Plaintiff fails to adduce any error in the Order that might meet his heavy burden under Federal Rule of Civil Procedure 72(a). When reviewing an objection to an order regarding non-dispositive matters, a district judge will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In light of the fact that magistrate judges are accorded significant deference in resolving non-dispositive motions, including discovery motions, this standard is permissive and "the reviewing court must affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006) (citations and internal quotation marks omitted). Thus, in the colorful phrasing popular in this District, "the clearly erroneous standard requires that a decision must strike the Court as more than maybe or probably wrong; it must strike the Court with the force of a five-week old, unrefrigerated dead fish."

2

*Mulvaney v. New Mexico Att'y Gen.'s Office*, No. 98–1137 JC/LFG, 1999 WL 34810159, at *1 (D.N.M. Jul. 19, 1999).

The Court perceives no such error. To the contrary, Chief Magistrate Judge Molzen correctly decided that White had failed to comply with several procedural rules in filing his motions to compel: he did not timely respond to Defendants' discovery objections, did not file his motions within the time allotted by the Court's Scheduling Order [Doc. 34], showed no evidence of a good-faith effort to resolve the dispute prior to filing the motions, and did not submit a copy of the discovery requests covered by the motions. *See generally* Doc. 112. By way of illustration, White filed his first motion to compel on March 27, 2014, more than four months after the November 8, 2013 deadline set by the Court for all discovery motions. In this context, Chief Magistrate Judge Molzen appropriately refused to consider White's discovery motions pursuant to the sanctions provisions of Federal Rule of Civil Procedure 16.

White responds that although he "did not submit motion to compel within the time Court's Scheduling Order, however, plaintiff exercised initially what a common person would consider sufficient measures." Doc. 113 at 3 (phrasing original). This is no answer. As the Court explained above and has emphasized repeatedly to Plaintiff, even *pro se* litigants are responsible for conforming their conduct to all applicable rules of procedure.

<u>CONCLUSION</u>

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to US Magistrate's Order Denying Plaintiff Motion to Compel and Reconsideration to Reopen [Doc. 113] is **DENIED**.

Dated this 9th day of January, 2015.

_____
**MARTHA VAZQUEZ**
UNITED STATES DISTRICT JUDGE

3