IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JASON WHITE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12-cv-0988-MV-KBM |
| | ) |
| CITY OF ALBUQUERQUE, J. MCRAE, | ) |
| J. RICHARDS, and ROBERT | ) |
| MEZTGER, | ) |
| | ) |
|     Defendants. | ) |

# MEMORANDUM AND ORDER ON MOTIONS *IN LIMINE*

**REAGAN, Visiting District Judge:**[1]

    Jury trial for this case is set for Monday, February 9, 2015 before the undersigned District Judge, with a final pre-trial conference having been conducted on January 28, 2015. Now before the Court are two motions *in limine*, filed by the Defendants.

**Defendants' Motion *in Limine* #1: Motion Requesting to Exclude Evidence of and Related to Plaintiff's Arrest, Detention in Jail, and Criminal Prosecution (Doc. 119)**

    In their motion, Defendants seek to limit any reference to the Plaintiff's arrest, detention in jail, and criminal prosecution as irrelevant (Doc. 119 at 1). Defendants base their motion on the Court's ruling on summary judgment, which denied Plaintiff's claims of unlawful arrest, malicious prosecution, and retaliatory arrest (Doc. 115). Defendants contend that the Plaintiff cannot seek damages on these issues, and any discussion of these issues is both irrelevant under Federal Rules of Evidence 401, as well

---

[1] The undersigned District Judge, Chief Judge of the United States District Court for the Southern District of Illinois, is presiding over this case by designation of Chief Justice John Roberts of the Supreme Court of the United States.

as being potentially confusing to the jury and/or unfairly prejudicial, under Rule 403 (Doc. 119 at 2-3).

In his response, Plaintiff argues that the Defendants have "misused and misconstrued [Federal Rule of Evidence] 401" (Doc. 131 at 1). He makes several other arguments which are generally extraneous to the motion *in limine* submitted by the Defendants, or discuss issues already addressed by the Court in its Memorandum and Order on Summary Judgment.[2] Defendants note these issues in their reply (Doc. 148).

Federal Rule of Evidence 401 states:

> Evidence is relevant if:
> (a)   it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b)   the fact is of consequence in determining the action.

**FED. R. EVID. 401.**  Facts related to whether Plaintiff was ultimately arrested, jailed, and later prosecuted have no bearing on whether the elements of the current claims (unlawful investigative detention, excessive force, supervisory liability) can be proven. They are of no consequence to the action and are thus not relevant.

Assuming, *arguendo*, that relevancy could be demonstrated, such information should still be excluded. Federal Rule of Evidence 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

---

[2] As an example, the Plaintiff spends over a page discussing hearsay. Defendants' Motion in Limine is based solely on relevancy, confusion, and unfair prejudice, and makes no reference to any hearsay issues.

**FED. R. EVID. 403.** Presentation of information related to the events subsequent to the Plaintiff's investigatory stop and investigative detention would be confusing to the jury, and could result in discussion of claims already addressed and denied by the Court. These facts could be unfairly prejudicial to both parties, depending on what information was ultimately produce at trial.

The Court finds that the information related to these events is not relevant to the claims currently before the Court, and even where relevant, should be excluded pursuant to Rule 403. Thus, the Court shall **GRANT** Defendants' Motion *in Limine* (Doc. 119) and **SHALL** exclude evidence reference to the Plaintiff's arrest, detention in jail, and criminal prosecution. The Court's ruling is provisional; should Plaintiff wish to make an offer of proof as to the relevancy of this information, he should make an oral motion, <u>out of the presence of the jury</u>, to be ruled upon at that time, though still subject to the other possible reasons for exclusion under the Federal Rules of Evidence..

<u>**Defendants' Motion in Limine #2:  Motion to Exclude Reference to the Department of Justice Letter and Settlement Agreement with the City of Albuquerque and Questions of Witnesses Concerning These Documents (Doc. 120).**</u>

Defendants' Second Motion *in Limine* concerns a letter from the Department of Justice ("DOJ") to the City of Albuquerque ("the City"), dated April 10, 2014, concerning a complaint and later settlement agreement between the DOJ and the City. Defendants argue against the letter on multiple grounds, though the Court will only address two: hearsay and relevancy.[3]

---

[3] As the issues of either hearsay or relevancy are dispositive for the purposes of this motion, the Court need not and does not take a position as to whether Defendants other grounds are sufficient to grant the motion.

In their motion, the Defendants argue that the letter is hearsay, stating that such letters and/or determinations by federal agencies lack the necessary indicia of reliability (Doc. 120 at 2), citing to case law.  Plaintiff argues that the letter is a "fact finding base evaluation conducted under highly tested scientific methods by professionals in the legal and scientific field. (Doc. 132 at 1-2).  He continues by noting particular examples of unreasonable force by the Albuquerque Police Department, but does not provide a legal basis for his conclusion that the document is admissible hearsay.

Under the Federal Rules of Evidence, hearsay is defined as a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and
(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

FED. R. EVID. 801(c).  Such a statement is not admissible unless it is deemed not hearsay, under Rule 801(d), or an exception to hearsay exists under Rules 803, 804, or 807.  *See* FED. R. EVID. 802.  As Defendant notes (and Plaintiff concurs), the relevant potential exception for admission of these statements is Rule 803(8), which allows for:

A record or statement of a public office if:
  (A) it sets out:
    (i) the office's activities;
    (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
    (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
  (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

FED. R. EVID. 803(8).

Defendants point to numerous cases, including cases within this District, where letters and determinations by federal agencies have been held inadmissible on similar hearsay grounds.  *See, e.g. DeSantis v. Napolitano*, **2010 WL 2292592, *23 (D.N.M. May 26, 2010);** *Ram v. New Mexico Department of Environment,* **2006 WL 4079622 (D.N.M. Dec. 11, 2006).**  Defendants note that that "[t]he lack of formal procedures and an opportunity to cross-examine witnesses are proper factors in determining the trustworthiness of the finding."  *Denny v. Hutchinson Sales Corp.*, **649 F.2d 816, 821 (10th Cir. 1981).**[4]

The Defendants contend, and the Court concurs that the DOJ is "not an independent tribunal" with findings subject to "testing and cross-examination" (Doc. 120 at 4).  This is not to suggest that the Department of Justice's findings are not important, just that they are inadmissible hearsay as to this case.

Even were they admissible, the Court finds that the letter's contents are not relevant to this case.  Plaintiff's case involves the events of September 23, 2009, and whether the Defendants violated his Fourth Amendment rights by unlawfully detaining him and through the use of excessive force.  The Defendants correctly note that whether the actions of the officers at the scene were reasonable are solely based upon what the officers knew at the time.  *See, e.g, Graham v. Connor*, **490 U.S. 386, 396-97;** *Adams v. Williams*, **407 U.S. 143, 146 (1972).**  The Plaintiff would have the Court consider the letter as indicia of a pervasive pattern of behavior which extends to the Defendants. Even were the Court to agree, this does not overcome the hurdle that the Defendants'

state of mind (including a tendency towards excessive force) is irrelevant, as it is the <u>circumstances</u>, when viewed objectively, which determine whether an action is reasonable under the Fourth Amendment. ***Brigham City, Utah v. Stewart*, 547 U.S. 398, 404 (2006).** Simply put, the findings of the DOJ are not relevant as to whether the Defendants violated this Plaintiff's constitutional rights, and must be excluded under Rule 401, even were they to be allowed under Rule 803(8).

The Court **GRANTS** the Defendants' Motion *in Limine* (Doc. 120) and **SHALL** exclude all evidence of the letter and questions related to it. The Court's ruling is provisional; should Plaintiff wish to make an offer of proof as to the relevancy of this information, he should make an oral motion, <u>out of the presence of the jury</u>, to be ruled upon at that time, though still subject to the other possible reasons for exclusion under the Federal Rules of Evidence.

      **IT IS SO ORDERED.**

      DATED:    <u>February 6, 2015</u>

<u>s/ Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge
