IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JASON WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-0988-MV-KBM |
| | ) | |
| CITY OF ALBUQUERQUE, J. MCRAE, | ) | |
| J. RICHARDS, and ROBERT | ) | |
| MEZTGER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Visiting District Judge:[1]**

Jury trial for this case is set for Monday, February 9, 2015 before the undersigned District Judge, with a final pre-trial conference having been conducted on January 28, 2015.  Now before the Court are numerous motions, which the Court will address below.  As a starting point for its rulings, the Court will point to the filing of the Amended Trial Notice (Doc. 121), wherein the Honorable Judge Martha Vázquez stated the following deadlines for this trial:

| Event | Deadline (approximate date) |
|---|---|
| Witness Identification | 30 days before trial (January 10, 2015) |
| Exchange of Exhibits | 30 days before trial (January 10, 2015) |
| Objection to Exhibits | 25 days before trial (January 14, 2015) |
| Consolidated Witness List | 21 days before trial (January 19, 2015) |
| Consolidated Exhibit List | 21 days before trial (January 19, 2015) |
| Motions *in Limine* | 30 days before trial (January 10, 2015) |
| Expert Reports | Per FED. R. CIV. P. 26(a)(2) |
| Joint Jury Instructions | 30 days before trial (January 10, 2015) |

---

[1] The undersigned District Judge, Chief Judge of the United States District Court for the Southern District of Illinois, is presiding over this case by designation of Chief Justice John Roberts of the Supreme Court of the United States.

Pretrial orders serve a valuable purpose.  As with scheduling conferences, they pretrial orders serve to "[expedite] disposition of the action," "[establish] early and continuing control so that the case will not be protracted because of lack of management," "[discourage] wasteful pretrial activities," and "[improve] the quality of the trial through more thorough preparation."  FED. R. CIV. P. 16(a).  Additionally, they are Orders of the Court, and the failure to follows the deadlines within such an Order can result in sanctions, up to and including dismissal of the action.  See FED. R. CIV. P. 16(f) & 37(b)(2).

The Court is well aware that the Plaintiff is acting *pro se*.  This status gives the Court some flexibility, allowing (and in fact requiring) a liberal interpretation of pleadings, but does not demand that the Court functions as an advocate for the *pro se* litigant.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Further, and most importantly, it does provide an excuse to ignore the requirements to the Federal Rules of Civil Procedure.  *See, e.g. Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *Guttman v. Silverberg*, 374 F.Supp.2d 991, 994 (D.N.M. 2005).  With this backdrop, the Court will address the pending motions and objections.

### Defendants' Motion to Strike Plaintiff's Response to Motions (Doc. 127)

Defendants seek to have Plaintiff's responses to their motions *in limine* struck, as the signature block of the responses contained the Defendants' electronic signatures (Docs. 125 and 126).  This issue is fairly moot, as the Plaintiff provided new responses without the Defendants' electronic signatures.  It is likely that Plaintiff's inclusion of the signatures was inadvertent, and the Court was not confused.  As the Plaintiff admits in

his response, he requested that the signature be removed by the Clerk of Court, and submitted substitute documents (which still contain signature blocks, though no signatures).  To decrease confusion, the Court shall **GRANT** Defendants' motion (Doc. 127), and **ORDER** the Clerk of Court to strike Documents 125 and 126.  The Court shall rule on the motions *in limine* in a separate Order.

### Defendants' Motion to Strike Numerous Plaintiff Filings (Doc. 141).

Similarly, Defendants take issue with several of Plaintiff's filings, on the basis that they contain the Defendants' signature blocks.  Defendants argue that their inclusion suggests that Plaintiff's documents suggest that the Defendants contributed to the writing or drafting of these documents.  The Court is not confused, and **DENIES** the Defendants' Motion.

### Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Court Orders (Doc. 138)

Defendants' motion seeks to dismiss Plaintiff's complaint, in its entirety, on the grounds that Plaintiff has failed to abide by the Court's scheduling orders.  The undersigned notes the numerous times the Plaintiff has failed to abide by scheduling orders and other directives from Judge Vázquez, Magistrate Judge Karen Molzen, Magistrate Judge W. Daniel Schneider, and Magistrate Judge Carmen E. Garza.  The Court further notes the number of warnings that Plaintiff has received for his failures to comply with these orders—at least four times by the Court's count.  Plaintiff counters in his response (Doc. 158), addressing some though not all of Defendants' issues. Defendants rebut that many of Plaintiff's claims are misrepresentations (Doc. 167).

As the Court noted above, the Federal Rules of Civil Procedure provide the means for sanctioning a party for their failure to abide by Orders of the Court, including dismissal of the underlying action.  Defendants' cite to ***Ehrenhaus v. Reynolds*** as a leading case within the Tenth Circuit regarding sanctions.  **965 F.2d 916 (10th Cir. 1992).** The ***Ehrenhaus*** court cites to a non-exhaustive list of factors which should be considered before dismissal as a sanction, including:

> (1) the degree of actual prejudice to the defendant;
> (2) the amount of interference with the judicial process; ...
> (3) the culpability of the litigant,"
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance,
> (5) the efficacy of lesser sanctions.

***Id.* at 920-21 (internal citations removed).**

Having examined each of these factors in some detail, the Defendants conclude that any sanction less than dismissal would be futile.  While the Court does agree that the Plaintiff has failed to abide by many of the Court's Orders regarding scheduling and discovery, dismissal is not appropriate.  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."  ***Id.* at 921.**  More importantly, the undersigned is not the only judge which has had the opportunity to weigh in on this issue.  As both the Defendants and the Court have already noted, the Plaintiff has been warned by several judges within the District multiple times.  While this certainly advances the argument for sanction, it also demonstrates that a sanction to the degree requested by the Defendants does not "outweigh the judicial system's strong predisposition to resolve cases on their

merits." The Court declines to sanction the Plaintiff by dismissing this action and **DENIES** Defendants' Motion (Doc. 138).

## Plaintiff's Motions to Strike (Docs. 151, 170, and 172)

On January 12, 2015, Plaintiff filed his first exhibit list (Doc. 136). Defendants objected (Doc. 140), and the Plaintiff moved to strike the objections (Doc. 151). On January 20, 2015, Plaintiff filed his second exhibit list (Doc. 160). Defendants objected to this new list (Doc. 168), and Plaintiff again moved to strike the objections (Docs. 170 and 172). Each of Plaintiff's motions could be more accurately described as a response to the Defendants' objections. Further, Plaintiff has not provided a basis for striking these objections, nor could he, as they are both proper in form and substance, and were timely filed in concordance with the Court's Amended Trial Notice (Doc. 115). To the extent that these filings by the Plaintiff are truly motions to strike, the Court **DENIES** the motions (Docs. 151, 170, and 172), but will consider the arguments made by the Plaintiff in response to the Defendants' objections below.

## Defendants' Objections to Plaintiff's Exhibit Lists (Docs. 140, 168, and 183).

Plaintiff has filed three separate exhibit lists through CM/ECF: Doc. 136, filed on January 12, 2015; Doc. 160, filed on January 20, 2015; and Doc. 183, filed on January 30, 2015. The Defendants have objected to each of these three lists (Docs. 140, 168, and 183 respectively). The bases for these objections varies, depending on the exhibit and the exhibit list at issue.

Plaintiff's initial list was filed on Monday, January 12, 2015. As discussed above, the Amended Trial Notice filed by Judge Vázquez required the parties to exchange

exhibits thirty days prior to trial.  Thirty days prior to the jury trial set for February 9, 2015 is January 10, 2015, which fell on a Saturday.  Per Federal Rule of Civil Procedure 6, the Court will consider the Plaintiff's filing on January 12, 2015 to be within the thirty-day requirement, though does note that the time requirement is for "exchange," which it is apparent that the Plaintiff did not do prior to filing with the Court.

Plaintiff's January 12 filing included several exhibits.  As the Plaintiff's later filing of January 20 is the only one in the Court's possession, the Court will append the labels used in this latter filing as a means of reference:

1) Eleven photographs allegedly of the Plaintiff's injuries (including three apparent repeats) (1a, 1b, 1c, 1d, 1e, 1f, 1g, 1h)
2) Two photographs of a vehicle (2a, 2b)
3) A photograph of a CD or DVD labeled "Copy of 9/23/2009 APD v. White Belt tape" (4a); and
4) A vita of "Samuel Walker" (4b)
5) A downloaded image of a Verizon Palm One Treo 650 (5a);
6) A photograph of two invoices and an envelope from various medical institutions to Jason White (6a).

As a starting point, the Court **GRANTS** Defendants' objections as to <u>all other</u> exhibits not specifically listed above as being untimely produced.  Any exhibit submitted by the Plaintiff for the first time after the January 12, 2015 submission is excluded.[2]  As it relates to the January 20, 2015, Exhibit List in the Court's possession, this excludes Exhibits 2c, 3a, 3b, 3c, 3d, 4c, 7a (already excluded per this Court's Order granting Defendants' Motion *in Limine* #2), and 8a.

---

[2] The parties should note that just because an exhibit is not excluded as untimely does not immediately render it admissible.  The Federal Rules of Evidence still apply.

As to the exhibits not excluded as untimely, the Court notes Plaintiff's failure to produce the photographs of his injuries, which he purports to be Exhibits 1a-1h.   In Defendants' Request for Production, Defendants' requested:

> No. 3:  Please produce any photographs in your possession or which you can obtain depicting any injuries allegedly sustained as a result of the incident described in your Complaint.

(Doc. 102 at 18.)  Plaintiff responded:

> Response:  Plaintiff has only the photographs of injuries that Defendant submitted.  Plaintiff will submit any forthcoming evidence.

(*Id.*)  Plaintiff later admits that his submission of exhibits was not made until his filed his Exhibit List on January 12, 2015 (Doc. 151).

Similarly, Plaintiff failed to submit copies of photographs related to the vehicle depicted in Exhibit 2a and 2b, and the invoices in 6a.  In the Request for Production discussed above, Defendants' requested:

> No. 11: Please produce copies of any photograph, or similar pictorial or graphic representation in your possession, custody or control which relates in any way to any fact or issue related to this lawsuit.

(Doc. 102 at 21.)  Plaintiff responded:

> Response:  Plaintiffs photograph is in cell phone with reference to the issue related to this lawsuit is in possession of the Defendants.  Plaintiff will submit any forthcoming evidence.  Plaintiff has submitted photograph copies in his possession.  Plaintiff will submit any forthcoming evidence.

(*Id.* at 21-22).  While the Court is not completely clear as to the Plaintiff's meaning by his response, what is clear is that the Defendants requested any related photographs, and the Plaintiff responded without objection, and then later offered as exhibits as

photographs which he failed to previously disclose.  Exhibit 2a, 2b, and 6a were submitted to the Defendants for the first time on January 12.

Federal Rule of Civil Procedure 26 requires that a party provide to other parties "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  **FED. R. CIV. P. 26(a)(1)(A)(ii).**  No such disclosure was made until January 12, 2015, and thus, the Court **GRANTS** the Defendants' Objections as to Exhibits 1a-1h, 2a, 2b, and 6a.

The Court has previously discussed the CD/DVD of the belt tape (Exhibit 4a) and has attempted to provide the Plaintiff with a copy of the tape, pursuant to the undersigned's ruling during the Final Pre-Trial Conference.  To the extent that the Defendants object to the 'photograph' of the belt tape, the Court **GRANTS** the objection, but the Court **DENIES** the objection as to the audio content of the belt tape itself.

It is not clear the purpose for which Dr. Walker's vita is being submitted as Exhibit 4b by the Plaintiff.  As will be further discussed below, Dr. Walker was not submitted by the Plaintiff as an expert in this case, per Federal Rules of Civil Procedure 26 and 37.  Assuming Dr. Walker does not appear at trial to provide a foundation for the vita, the document is a hearsay statement without a notable exception and irrelevant to the issues within the Plaintiff's claims.  Subject to that possible eventuality, Defendants' objections are **GRANTED** and Plaintiff's Exhibit 4b is excluded.  Should

Dr. Walker appear live at trial, Plaintiff may submit an offer of proof as to the admissibility of the document, and Defendants will have an opportunity at that time to raise any issues regarding its exclusion.

Plaintiff notes that his cell phone was "taken from him by defendants and not returned 'held in evidence'" (Doc. 151 at 2).  As such, he has provided a document which he purports to be a picture of a phone similar to his (Exhibit 5a).  Defendants raise numerous objections to this exhibit, including relevancy, hearsay, and the "best evidence" rules.  The Court **DENIES** Defendants' objection at this time, and will allow the Defendants to raise their objections at trial.

### Plaintiff's Objections to Defendants' Trial Exhibits (Doc. 134 and 152)

Plaintiff raises two separate motions against Defendants' Trial Exhibits.  As an initial step, the Court again refers to the Amended Trial Notice, which requires objections to exhibits no later than 25 days before trial.  Plaintiff's Objections at Doc. 152 are after this date, and are summarily **DENIED** as untimely.  The Court will only examine those issues raised in his filing at Doc. 134.

Plaintiff objects to Defendants' Trial Exhibits A, F, and G.  These are, respectively, the audio from the belt tape, Plaintiff's answers to interrogatories in a prior civil case involving the Plaintiff (*White v. Sedler*, 07-cv-491-WJ-DJS), and a judgment in domestic violence case (*State v. White*, DV-5669-10).  Plaintiff appears to object to each of these pursuant to Federal Rule of Evidence 404(b).

Rule 404(b)(1) states that "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion

the person acted in accordance with the character." FED. R. EVID. 404(b)(1).  Plaintiff is correct that, to the extent these exhibits could be used in the manner stated in the rule, their use would not be allowed.  However, there are other reasons why these exhibits could be used, and the Court will not speculate how they will be offered at trial.  Therefore, the Court **DENIES** the Plaintiff's objections to the exhibits.  Plaintiff is still free to object at trial, and the Court will evaluate the use of these exhibits and any others pursuant to the Federal Rules of Evidence.

<u>**Defendants' Motion to Exclude Plaintiff Witnesses**</u>
<u>**Tori Bickham and Samuel Walker (Doc. 145)**</u>

Defendants have moved to exclude Tori Bickham and Samuel Walker as witnesses for the Plaintiff.  As it indicated at the Final Pre-Trial Conference, the Court **DENIES** this motion.  At the Final Pre-Trial Conference, the Court granted the Plaintiff's request (Doc. 156) to subpoena Tori Bickham for deposition, provided it was completed within one week (Doc. 187).  Deposition and trial subpoenas were provided to the Plaintiff.  The Court does not know whether the deposition was completed, but in communications with the Court, the Plaintiff submitted a Notice of Deposition, specifying that the date of deposition was "Tentative dependent upon Courts decision February 4th or 5th, 2015."  (Email to the Court, February 3, 2015, 04:55 am).  Federal Rule of Civil Procedure 30(b)(1) states that:

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party.  *The notice must state the time and place of the deposition* and, if known, the deponent's name and address.  If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

FED. R. CIV. P. 30(b)(1) (emphasis added). Stating that a deposition will occur on one of two days, with no time specified is not sufficient to satisfy this rule, as anytime during that 48-hour period would satisfy the language of the notice. Accordingly, the Court **DENIES** any use of deposition testimony with regard to Tori Bickham. Should the Plaintiff produce the witness for trial, the Court will entertain a motion from the Defendant as to the admissibility of the testimony. As to Samuel Walker, the Court will consider an offer of proof from the Plaintiff as to the admissibility of his testimony, and will entertain any objections from the Defendants.

### Defendants' Objections to Plaintiff's Proposed Jury Instructions (Doc. 147)

As indicated during the Final Pre-Trial Conference, the Court intends on having a jury instruction conference on the afternoon of February 9, 2015, once jury selection has been completed. At that time, the Court will discuss Plaintiff's Instructions (Doc. 130), Defendants' Instructions (Doc. 124), Judge Vázquez's stock instructions, and additional instructions proposed by the undersigned. As such, the Court **DENIES** Defendants' objections at this time, and will allow any objections to be raised at the jury instruction conference.

### Additional Documents

The Court is aware, both through emails and electronic filings, of numerous additional documents which the parties (primarily the Plaintiff) wish the Court to consider. With the exception of proposed *voir dire* questions (Docs. 185, 186, and 191), the Court does not intend on considering any additional documents filed outside the

time requirements specified by the Amended Trial Notice (Doc. 115), and summarily **DENIES** all such documents.  The parties are instructed to keep this in mind during the proceedings.

In summary, the Court:

- **GRANTS** Defendant's Motion to Strike (Doc. 127) and **ORDERS** the Clerk of Court to strike Documents 125 and 126;

- **DENIES** Defendants' Motion to Strike (Doc. 141);

- **DENIES** Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Court Orders (Doc. 138);

- **DENIES** Plaintiff's Motion to Strike (Docs. 151, 170, and 172);

- **GRANTS in PART** Defendants' Objections to Plaintiff's January 12, 2015 Exhibit List (Doc. 140), and **GRANTS** Defendant's Objections to Plaintiff's January 20, 2015, and January 29, 2015 Exhibit Lists (Docs. 168 and 183). Using Plaintiff's Exhibit List provided to the Court on January 20, 2015, the Court **EXCLUDES** all exhibits except 4a (as to the audio on the belt tape), 4b (unless Samuel Walker appears at trial), and 5a;

- **DENIES** Plaintiff's Objections to Defendants' Trial Exhibits (Docs. 134 and 152), subject to the limitations of Rule 404(b);

- **DENIES** Defendants' Motion to Exclude Tori Bickham and Samuel Walker;

- **DENIES** Plaintiff's use of any deposition testimony of Tori Bickham;

- **DENIES** Defendants' Objections to Plaintiff's Proposed Jury Instructions (Doc. 147).  Parties can raise objections during the jury instruction conference;

- **DENIES** any other recently electronically filed and/or emailed documents, other than proposed *voir dire*.

**IT IS SO ORDERED.**

**DATED:**          <u>**February 6, 2015**</u>

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
United States District Judge
