IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **JASON WHITE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 12-cv-0988-MV-KBM |
| | ) |
| **CITY OF ALBUQUERQUE, J. MCRAE,** | ) |
| **J. RICHARDS, and ROBERT** | ) |
| **METZGAR,** | ) |
| | ) |
|     **Defendants.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, Visiting District Judge:**[1]

Plaintiff Jason White filed this civil rights action on September 20, 2012 (Doc. 1). Partial summary judgment was granted on September 29, 2014, by the Honorable Martha Vázquez (Doc. 115), with several claims remaining against Defendants McRae, Richards, and Metzgar. A jury trial was set for Monday, February 9, 2015 before the undersigned judge. During the trial, the Court warned the Plaintiff numerous times about court decorum, regarding his continued violations of civil procedure and the rules of evidence, as well as violations of prior orders by the Court. Having sanctioned the Plaintiff on three separate occasions and warning that any further sanctions would result in a dismissal, the Plaintiff continued to violate the Court's previous rulings, leaving no choice but to dismiss the case against the Defendants, with prejudice, pursuant to ***Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).** Judgment was entered on February 11, 2015 (Doc. 200).

On February 20, 2015, the Plaintiff filed a "Motion for Relief from Judgment and Declaration to Vacate" under Federal Rules of Civil Procedure 60 (Doc. 204). The Court denied

---

[1] The undersigned District Judge, Chief Judge of the United States District Court for the Southern District of Illinois, is presiding over this case by designation of Chief Justice John Roberts of the Supreme Court of the United States.

this motion without prejudice for failure to comply with Local Rule 7.1, which states in pertinent part:

> A motion must be in writing and state with particularity the grounds and the relief sought.  A party may adopt by reference another party's motion or other paper by making specific reference to the filing date and docket number of such motion or other paper.  ***Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied***.

**D.N.M.LR-Civ. 7.1** (emphasis added).  (*See* Doc. 205.)  The Plaintiff filed several similar and largely unaltered motions (Docs. 206, 208, 209, and 210).  Each was denied for their failure to follow Local Rule 7.1 (Doc. 211).  In the last of these Orders, dated February 26, 2015, the Court stated:

> The plaintiff must communicate with the defendants PRIOR to filing the Motion and inquire whether they oppose or concur in the Motion, and state in the Motion whether they oppose or concur in the Motion.  Submitting a Rule 60 motion that fails to state the position of defendants will result in the motion being denied WITH prejudice and the Court will, at that time, restrict the plaintiff from filing any further Rule 60 Motions in this case

(*Id.*)

Now before the Court is the Plaintiff's latest Rule 60 motion (Doc. 213).  The Court notes that, like the previous five motions, this latest motion also does not comply with Local Rule 7.1 as it "omits recitation of a good-faith request for concurrence" nor does it comport with the Court's February 26 Order, as it "fails to state the position of defendants."  On this basis alone, the Court **DENIES** the motion with prejudice.[2]

Assuming, *arguendo*, that the Plaintiff's motion did comply with the District's local rules and this Court's Order, the motion also fails on the merits.  Plaintiff seeks relief from this Court's February 11, 2015 judgment under Rule 60(b)(1) and (6).  Rule 60 states in pertinent part:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[2] The Court is aware of the Plaintiff's attempt to contact the Defendants regarding their concurrence or opposition to his Motion, as the Plaintiff copied the Court on emails sent to and from the Defendants.  These emails are not a part of the Court's record and the motion itself does not discuss their contents, including the Defendants' responses.

>(1)  mistake, inadvertence, surprise, or excusable neglect;
>
>*  *  *
>
>(6) any other reason that justifies relief.

Prior to the start of the jury trial, the Court issued two Orders, both on February 6, 2015, addressing, *inter alia*, motions in limine and the admissibility of various exhibits and witnesses (Docs 193 and 194).  These Orders addressed all pending motions and objections, some of which were filed as late as one day previously by the Plaintiff. (*See, e.g.,* "Motion in Limine to Disqualify Expert Witness Richard Bradberry, filed February 5, 2015).  This is in addition to no less than thirteen emails to chambers and numerous phone calls from the Plaintiff, in many cases seeking to file additional pre-trial documents or seeking substantive rulings.  The Court notes that, with the exception of requesting proposed questions for *voir dire (see* Doc. 182)*,* all pre-trial filings were to be completed at least three weeks prior to trial, pursuant to Judge Vázquez's Amended Trial Notice (Doc. 121).  At the telephonic pre-trial conference, the Court noted that all pending motions would be addressed prior to trial.  To ensure that Plaintiff received the rulings, copies of the February 6, 2015, Orders were sent to the Plaintiff by email, due in part to the Plaintiff's *pro se* status, and due to a scheduled outage of the District's electronic filing system for the weekend prior to trial.  The Court discussed these rulings during a jury instruction conference on the afternoon of February 9, 2015, after *voir dire* was completed.  At the conclusion of the jury instruction conference, the Court provided the Plaintiff with additional copies of both Orders.

In his Rule 60 motion, Plaintiff claims he was unaware of any of the Court's rulings from the February 6, 2015, Orders prior to the trial.  As an example, he states that on the third morning of trial (February 11, 2015), he handed a copy of a previously filed motion to exclude several of Defendant's trial exhibits (*see* Doc. 152) to an officer of the Court, and asked that the motion be ruled upon (Doc. 213 at 2).  His motion addresses many of the occasions where the Court

admonished, warned, or sanctioned him, but states that the "Plaintiff never received complete and proper instructed guidelines to follow under the court, because the Memorandum Order containing pertinent decisions . . . had not been timely mailed to Plaintiff until . . . after the trial proceedings had nearly ended." (*Id.* at 3-4). The remainder of his Motion addresses perceived errors in the Court's minutes, as well as a copy of portions of the Court's February 6, 2015 Order. Plaintiff concludes that the motion should be granted on the basis of "complete surprise, and inadvertence where Plaintiff was not timely and properly served pertinent Memorandum Order documents to be adequately prepared for court." (*Id.* at 8).

Rule 60(b) of the Federal Rules of Civil Procedure allows the Court to relieve a party from a judgment or final order. **FED. R. CIV. P. 60(b).** Relief under this rule is "extraordinary and may only be granted in exceptional circumstances." ***Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks omitted).** "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." ***Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).**

Relief under Rule 60(b)(6) is even more rare. As the Supreme Court noted, "[t]he Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'" ***Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).** This includes factors that are "beyond [the party's] reasonable control." ***Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 393 (1993).** Relief "is appropriate . . .when it offends justice to deny such relief." ***In re Woods*, 173 F.3d 770, 780 (10th Cir. 1999) (citation omitted).**

Plaintiff has failed to set forth facts or law that entitle him to relief under Rule 60(b). His claims of "surprise" or "inadvertence" and suggestions that he was unaware of the Court's rulings are meritless. While it may be true that he did not receive a <u>mailed</u> copy of the rulings until February 11, 2015, the documents were emailed to him on the afternoon of February 6, 2015, and hand-delivered to him on the afternoon of February 9, 2015, prior to calling of witnesses. Further, the Plaintiff was warned numerous times throughout the jury trial of his failures to abide by the Court's rulings and both the Federal Rule of Evidence and Civil Procedure. These warnings were specific to the Court's rulings, which the Plaintiff chose not to heed, leading to his sanctions. The Plaintiff's motion clearly shows his disagreement with the Court's rulings, but this is not a basis for relief from the judgment against him.

The Court is well aware that the Plaintiff is acting *pro se*. This status gives the Court some flexibility, allowing (and in fact requiring) a liberal interpretation of pleadings, but does not demand that the Court function as an advocate for the *pro se* litigant. **Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).** Further, and most importantly, it does not provide an excuse to ignore the requirements to the Federal Rules of Civil Procedure. **See, e.g., Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Guttman v. Silverberg, 374 F. Supp. 2d 991, 994 (D.N.M. 2005).** Plaintiff's motion suggests that the Court owes him a duty to ignore some of his failings as a *pro se* litigant, when no such duty exists. The Court **DENIES WITH PREJUDICE** Plaintiff's Amended Rule 60 Motion for Relief from Judgment and Declaration to Vacate Judgment (Doc. 213).

IT IS SO ORDERED.

DATED:     <u>March 4, 2015</u>

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
United States District Judge