IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JASON WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-0988-MV-KBM |
| | ) |
| CITY OF ALBUQUERQUE, J. MCRAE, | ) |
| J. RICHARDS, and ROBERT | ) |
| METZGAR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Visiting District Judge:[1]**

Plaintiff Jason White filed this civil rights action on September 20, 2012 (Doc. 1). A partial summary judgment was granted on September 29, 2014, by the Honorable Martha Vázquez (Doc. 115), with several claims remaining Defendants McRae, Richards, and Metzgar. A jury trial was set for Monday, February 9, 2015, before the undersigned. During the trial, the Court warned the Plaintiff numerous times about court decorum, regarding his continued violations of civil procedure and the rules of evidence, as well as violations of prior orders by the Court. Having sanctioned the Plaintiff on three separate occasions and warning that any further sanctions would result in a dismissal, the Plaintiff continued to violate the Court's previous rulings, leaving no choice but to dismiss the case against the Defendants, with prejudice, pursuant to **Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).** Judgment was entered on February 11, 2015 (Doc. 200).

Since then, the Plaintiff has been no stranger to the Courthouse. By the Court's count, the Plaintiff has filed six separate motions, seeking relief from the judgment against him, pursuant to

---

[1] The undersigned District Judge, Chief Judge of the United States District Court for the Southern District of Illinois, is presiding over this case by designation of Chief Justice John Roberts of the Supreme Court of the United States.

Federal Rule of Civil Procedure 60.  The first five of these were denied without prejudice for failure to abide by Local Rule 7.1, which states in pertinent part:

> A motion must be in writing and state with particularity the grounds and the relief sought.  A party may adopt by reference another party's motion or other paper by making specific reference to the filing date and docket number of such motion or other paper.  ***Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied***.

**D.N.M.LR-Civ. 7.1** (emphasis added).  The Plaintiff filed his sixth Rule 60 Motion on March 2, 2015 (Doc. 213), which the Court denied with prejudice, both on the grounds of failure to abide by Local Rule 7.1, and on the merits (Doc. 214).  With that avenue closed, the Plaintiff filed two more motions on March 5, 2015, and March 10, 2015, both titled, "Motion for Reconsideration in Combination with Rule 59(e)" (Docs. 215 and 216).  One day after the second filing, on March 11, 2015, Plaintiff filed a notice of appeal (Doc. 217), appealing this Court's pre-trial Orders (Docs. 193 and 194), Order of Contempt (Doc. 199), and Judgment (Doc. 200).

As a threshold issue, the Court notes that, even with the filing of the Notice of Appeal, the Court retains jurisdiction for the purpose of responding to the pending Rule 59(e) motions.  Under Federal Rules of Appellate Procedure 4(a)(4)(B)(i):

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

**FED. R. APP. P. 4(a)(4)(B)(i).**  Rule 4(a)(4)(A) includes a motion under Rule 59 to alter or amend judgment, and as such, the Notice of Appeal becomes effective only once a ruling is made.  **See Constien v. United States, 628 F.3d 1207, 1212 n.5 (10th Cir. 2010) (the appellate court's jurisdiction is suspended until Rule 4(a)(4)(A) motions are disposed of by the trial court).**  Having established jurisdiction, and for the reasons stated below, the Court **DENIES** Plaintiff's Motions.

"The purpose [of a Rule 59(e)] motion is to correct manifest errors of law or to present newly discovered evidence." **Webber v. Mefford**, 43 F.3d 1340, 1345 (10th Cir.1994) (citation omitted) (quotations omitted). "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." **Somerlott v. Cherokee Nation Distributors, Inc.**, 686 F.3d 1144, 1153 (10th Cir.2012) (quotations omitted). A Rule 59(e) motion "is not appropriate to . . . advance arguments that could have been raised in prior briefing." **Servants of Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir.2000).

At no point in his over seventy-page filing at Doc. 215, or in his more compact motion at Doc. 216, does the Plaintiff come close to reaching the required standard for a Rule 59(e) motion. The vast majority of the motion discusses previously advanced arguments, made during trial or his Rule 60 motions, which are not appropriate under Rule 59(e). Numerous pages are mere copies of earlier Orders by this Court. Nor is there a demonstration of a change in controlling law or newly acquired but previously unavailable evidence.[2] Here, as in his Rule 60 motions, the Plaintiff appears to be arguing "to correct clear error or prevent manifest injustice." Neither is demonstrated by his motions. Plaintiff's examples of "clear error" by the judges of this District and by the undersigned are more aptly described as the Plaintiff's own failures to abide by this Court's rulings, his lack of understanding of the Federal Rules of Civil Procedure and Evidence, and his personal disagreement

---

[2] It is also not enough to merely present a document and call it evidence, or nearly anything presented post-trial in a motion could be "new evidence previously unavailable." A party seeking a new trial under either rule 59 based on new evidence, must show: (i) the evidence was discovered since the trial; (ii) the party was diligent in discovering the evidence; (iii) the evidence was not "merely cumulative or impeaching;" (iv) the evidence was material; and (v) it probably would have produced a different result at trial. **Joseph v. Terminix Int'l Co.**, 17 F.3d 1282, 1285 (10th Cir.1994)(internal quotations omitted). *See* 11 C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2808, at 86-94 (2d ed.1995)(stating that the standard for a new trial under rule 59 requires that (i) "[t]he moving party must have been excusably ignorant of the facts despite using due diligence to learn about them;" (ii) the "[n]ewly discovered evidence must be admissible and probably effective to change the result of the former trial;" and (iii) must do more than "merely affect the weight and credibility of the evidence" and cannot be "cumulative of evidence already offered"). Put quite simply, any "new evidence previously unavailable" must meet the standards of the Federal Rules of Evidence. While the Plaintiff does present additional documents (many that he has already attempted to offer), none of these documents meets the requirements above.

with the Court's decisions.  They are not a basis to alter or amend judgment under Rule 59(e).  The Court **DENIES** Motions for Reconsideration in Combination with Rule 59(e) (Docs. 215 and 216).

    **IT IS SO ORDERED.**

    **DATED:**    <u>March 12, 2015</u>

                                      <u>***s/ Michael J. Reagan***</u>
                                      **MICHAEL J. REAGAN**
                                      United States District Judge